## JOHN PULLAMAN v. BANGOR MINING COMPANY.

## MIKE SCHMIDT v. SAME.[1]

April 25, 1913.

Nos. 17,926—(51).

**Retention of incompetent servant — evidence.**

Evidence considered, and *held* to justify the jury in finding that a fellow-servant of plaintiffs was incompetent for the work intrusted to him by defendant, that plaintiffs were injured by reason thereof, and that defendant. was negligent in retaining the unfit servant in its service with knowledge of his incompetence.

Two actions in the district court for St. Louis county to recover $30,150 for personal injuries. The facts are stated in the opinion..

[1] Reported in 141 N. W. 114.

Note.—The question whether the breach of duty to employ or retain none but competent servants may be inferred in fact from their incompetence is. treated in a note in 20 L.R.A.(N.S.) 322.

On the duty of a master to servant to keep informed as to fitness of coservants in his employ, see note in 1 L.R.A.(N.S.) 288.

As to evidence of reputation to show incompetency of servant or master's knowledge thereof, see note in 33 L.R.A.(N.S.) 751.

The answers denied that the injuries were received through any negligence on the part of defendant and alleged that the negligence of plaintiffs directly contributed to their injuries; that they were familiar with and by their contract of employment assumed the risk and hazard of the danger from which the injuries were received. The cases were tried together before Dibell, J., who denied defendant's motions for directed verdicts, and a jury which answered certain specific questions and returned a verdict of $1,500 in favor of plaintiff Pullaman and one of $3,000 in favor of plaintiff Schmidt. Defendant's motions for judgments notwithstanding the verdicts were denied. From the judgments entered pursuant to the verdicts, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.
*Theodore Hollister,* for respondent.

BROWN, C. J.

These actions, being for personal injuries and growing out of the same accident, were tried together in the court below, resulting in a verdict for plaintiff in each case. Defendant subsequently moved for judgment notwithstanding the verdicts, the motions were denied, and from judgments entered upon the verdicts, defendant appealed.

The facts are as follows: Defendant owns and operates an underground iron mine, and plaintiffs were in its employ at the time as common laborers. Within a shaft, extending below the surface some 300 feet to the ore deposits below, defendant operated a cage or elevator for the purpose of removing the ore to the surface, and for convenience in taking employees to and from the mine. The elevator was operated and controlled by an engine and necessary cables, appliances, and machinery in charge of an engineer, whose operation thereof was regulated by signals from those working in the mine. These signals were given by ringing a bell a certain number of times, indicating the movement of the elevator desired; the bells, at the engine, being connected with an appliance within the mine or upon the elevator itself. On the occasion in question plaintiffs entered the elevator for the purpose of descending to the mine, and signals were given to lower the same down to the shaft. A moment later

the cage shot down the shaft with great force a distance of 40 or 50 feet, when it was suddenly stopped by action of the engineer in charge, and plaintiffs were seriously injured. The leg of one of them was broken, and the other injured in other respects. They charged in their separate complaints several grounds of negligence upon which reliance was had for recovery. All of these were resolved against them by the jury, save the claim that the engineer was incompetent for the work intrusted to him,. and that defendant was negligent in keeping him in its employ knowing such incompetence. Upon a finding of negligence in that respect verdicts were returned for plaintiffs. The motion below for judgment notwithstanding the verdicts raised the question whether the evidence was sufficient to sustain the verdicts. The trial court held that it was, and the sole question on this appeal is whether there was error in so holding.

The engineer had sole charge of the engine and hoisting appliances, and his operation thereof was guided by signals from those engaged about the shaft and elevator. The position was a responsible one, and required at the hands of the engineer care, skill, and experience; for it is obvious that an unskilful or incompetent operator would in the nature of things jeopardize the life and limb of those using the elevator in going into or out of the mine. In other words, the employment in connection with the use of the elevator was extremely hazardous, and required for the protection of the men a prudent and competent engineer. The engineer whose incompetence is claimed to have been the cause of plaintiffs' injuries had been in the employ of defendant only for a short time prior to the accident. Before engaging him, the defendant made inquiry as to his experience in the particular line of work, sufficient to relieve it from the charge of negligence in the original employment. The sole question is whether the engineer was in fact incompetent, and whether defendant negligently retained his services after knowledge thereof. We pass without discussion the contention of defendant that the evidence fails to show that the particular engineer, whose incompetency is charged, was in charge of the engine at the

time in question. The evidence fully justified the jury in answering that contention against defendant.

The serious question is whether the evidence sufficiently shows that the engineer was in fact incompetent and was retained in the service by defendant with knowledge thereof. Our examination of the record, which is quite voluminous, leads to an affirmance. We find therein sufficient evidence to support the finding of the jury, though in some respects it is far from conclusive. The evidence showing the manner in which the engineer operated the engine during the short time of his service warranted the jury in concluding that he was incompetent and unfit for so responsible a position. There was some evidence tending to show that he did not understand the signals by which he was guided in his work. There was undisputed evidence that a similar sudden drop of the elevator occurred two days prior to that complained of, though not to the same extent, and not resulting in injury to employees. The cause of the elevator dropping suddenly on that occasion was not explained. The drop on the occasion in question is claimed to have been caused by the failure of the engineer to use both the brake and the power of the engine in lowering the elevator down the shaft. There was some evidence, though not strong, that both were essential to safety. The superintendent in charge of the work testified that, had he been informed of the falling of the elevator on the first occasion, he would have made prompt investigation, and, if found to be the fault of the engineer, would either have discharged him or placed him at other work.

The evidence fails to show that the machinery and appliances were out of order; on the contrary, it justified the jury in finding them in good order. With the machinery in perfect condition, the inference is clear that the cause of the sudden dropping of the elevator on the first occasion was because of either the negligence or incompetence of the engineer. The second dropping of the elevator occurred in the same manner. The evidence also shows that when, on the occasion in question, the engineer discovered that the elevator was shooting down through the shaft with great velocity,

he seized the brake, and, instead of tightening its bearings gradually, which could readily have been done by a careful and skilled hand, he set the brake so as to bring the elevator to a sudden and violent stop, thus causing the injury complained of. All this tends to show the incompetency on the part of the engineer. It is not, as urged by counsel for defendant, a case of one sporadic instance of negligence being made the basis of a charge of incompetency, but rather a case where a series of acts tend to show unfamiliarity and unfitness for the important position. Nor is it a case where a servant, knowing of the incompetency of a fellow servant, continues in the service of the master without complaint, assumes the risks incident to working with the incompetent fellow workman. The evidence does not conclusively show that plaintiffs knew of the alleged incompetency of the engineer, and it cannot, therefore, be said that they assumed the risks thereof.

The question whether the defendant was informed of this incompetency, or of facts indicating it, prior to the accident in question, rests within narrower limits, yet we conclude that the evidence supports the verdict. There was testimony which, if true, a question for the trial court and jury, justified the conclusion that defendant's superintendent or master mechanic was expressly informed of the first sudden fall of the elevator, and that no steps were taken to determine the cause. The evidence also shows, and this without dispute, that if this information had come to the superintendent it would have been a sufficient ground for prompt investigation. The superintendent expressly denied that he was informed of the incident. It was for the jury to determine the fact in this conflicting state of the evidence. The jury found with plaintiffs on the question, and, since the trial court has approved their verdict, we discover no sufficient reason for interference.

Upon the whole record, we are satisfied that the verdict is sufficiently supported, within the rule guiding us in such cases, and the judgment appealed from is therefore affirmed.